1  Paul S. Chan - State Bar No. 183406
      pchan@birdmarella.com
2  David H. Chao - State Bar No. 273953
      dchao@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Extreme Dimensions, Inc.

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

| | |
|---|---|
| 11 EXTREME DIMENSIONS, INC., a California corporation, | CASE NO. 8:16-cv-02110-JVS-JCG |
| 12 | **STIPULATED PROTECTIVE ORDER** |
| 13      Plaintiff, | |
| vs. | |
| 14 | |
| 15 AMERICAN PLASTIC TECHNOLOGIES, LLC, a California limited liability company, and DOES 1-10, | |
| 16 inclusive, | |
| 17      Defendants. | |
| 18 | |
| AMERICAN PLASTIC | |
| 19 TECHNOLOGIES, LLC, a California limited liability company, | |
| 20 | |
| 21      Counterclaimant, | |
| vs. | |
| 22 | |
| 23 EXTREME DIMENSIONS, INC., a California corporation, | |
| 24      Counterdefendant. | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

3402892.1

# 1. __BACKGROUND__

1.1    Purposes and Limitations.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Extreme Dimensions, Inc. ("Plaintiff") and Defendant American Plastic Technologies, LLC ("Defendant") (collectively, "the parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, which is intended to govern all discovery in this case. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

1.2    Good Cause Statement.  This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The public disclosure of such

information could put the disclosing party at a competitive disadvantage and could cause material economic hard. Additionally, given the business of the parties, if certain information is produced to the other party that information could put the disclosing party at a competitive disadvantage and could cause material economic harm to the disclosing party. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

2.1 <u>Action</u>: *Extreme Dimensions, Inc. v. American Plastic Technologies, LLC*, Case No. 8:16-cv-02110-JVS(JCGx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>Counsel</u>: Outside Counsel and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.5 <u>Discovery Material</u>: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this Action.

2.7    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel:  attorneys who appear on the pleadings as counsel for a Party and partners, associates, and/or staff of such counsel and any employee of any non-party insurance carrier that is providing coverage in connection with the above-captioned litigation to whom it is reasonably necessary to disclose or allow access to the information for this Action.

2.10   Party: any party to this Action, including all of its officers, directors, employees, and their support staffs.

2.11   Producing Party: a Party or Non-Party that produces or discloses any Discovery Material in this Action.

2.12   Professional Vendors: persons or entities that provide litigation  support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as provided in this Order.

2.14   Receiving Party: a Party that receives Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal

Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a)   **Available Designations**.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(b)   **Written Discovery and Documents and Tangible Things.**  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)   **Native Files.**  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. The Producing Party reserves the right to object to the use in this litigation of a .tiff, .pdf or other image format version of a document produced in native file format if consent of the Producing Party was not obtained prior to use and the Producing Party has reason to believe information has been altered.

(d) **Depositions and Testimony.** Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within fifteen (15) business days of receipt of the transcript of the testimony.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony relating to such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." To the extent any portion of the deposition may involve disclosure of information that has been, or will be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not

authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(e) **Miscellaneous.** For information produced in some form other than described above and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate designation. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order.

## 6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3 <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Designation and Disclosure of "CONFIDENTIAL" Information or Items.   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

(a)     the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action, and any copying, document management, or clerical litigation support vendors working at the direction of such counsel and/or employees;

(b)     the officers, directors, and employees (including House Counsel, and their immediate paralegals and staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party, as well as any of such expert's immediate support staff, to whom disclosure is reasonably necessary to perform their work for this Action; and provided that: (a) such expert or consultant has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and served the same on all Parties prior to receiving the Protected Material; (b)such expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party;

and (c) no unresolved objections to disclosure to such person exists after proper notice has been given to all Parties as set forth in Section 7.4 below;

(d) the Court and its personnel, and the jury;

(e) court reporters, stenographers, and videographers, and their staff, retained to record testimony in this action;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A. In the event the parties engage mock jurors, the mock jurors shall not be engaged in any way in the automotive parts business;

(g) Any person who appears on the face of Discovery Material as an author, creator, contributor, modifier, editor, or recipient thereof or who may be established through admissible evidence as an author, creator, contributor, modifier, editor, or recipient thereof;

(h) any arbitrator, mediator or other neutral, and their supporting personnel, provided they have signed Exhibit A;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) any other person with the prior written consent of the Producing Party and who has signed Exhibit A.

7.3 <u>Designation and Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it

contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material to anyone other than the Receiving Party's Outside Counsel is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to the following:

(a)     the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action, and any copying, document management, or clerical litigation support vendors working at the direction of such counsel and/or employees;

(b)     Experts (as defined in this Order) of the Receiving Party, as well as any of such expert's immediate support staff, to whom disclosure is reasonably necessary to perform their work for this Action; and provided that: (a) such expert or consultant has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and served the same on all Parties prior to receiving the Protected Material; (b) such expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to disclosure to such person exists after proper notice has been given to all Parties as set forth in Section 7.4 below;

(c)     the Court and its personnel, and the jury;

(d)     court reporters, stenographers, and videographers, and their staff, retained to record testimony in this action;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A. In the event the parties engage mock jurors, the mock jurors shall not be engaged in any way in the automotive parts business;

(f)     Any person who appears on the face of Discovery Material as an

author, creator, contributor, modifier, editor, or recipient thereof or who may be established through admissible evidence as an author, creator, contributor, modifier, editor, or recipient thereof;

(g)     any arbitrator, mediator or other neutral, and their supporting personnel, provided they have signed Exhibit A;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     any other person with the prior written consent of the Producing Party and who has signed Exhibit A.

7.4     PROCEDURE FOR NOTICE OF DISCLOSURE

(a)     At least ten (10) business days prior to disclosing any Protected Material to any person described in Paragraphs 7.2(c) or 7.3(b) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

i.      the name of the Person;

ii.     an up-to-date curriculum vitae of the Person;

iii.    the present employer and title of the Person;

iv.     to the extent not reflected in the curriculum vitae, an identification of the Person's past employment and/or consulting relationships within the last five (5) years;

v.      to the extent not reflected in the curriculum vitae, a list of legal proceedings in which the Person has testified at deposition or trial within the last five (5)

years.

vi.     such other information regarding the Person's past and current professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to disclosure of Protected Material to the Person. To the extent certain information listed in Paragraph 7.4(a)(i)-(vi) cannot be disclosed because of confidentiality obligations or other reasons, the Parties agree to meet and confer to determine what information can be provided.

(b)     Within ten (10) business days of receipt of the disclosure in Paragraph 7.4(a), the Producing Party or Parties may object in writing for good cause. In the absence of an objection at the end of the ten (10) business day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to the expiration of this ten (10) business day period. If the Producing Party objects to disclosure to the Person within such ten (10) business day period, the Parties shall meet and confer within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, there shall be no disclosure of Protected Material to the Person until the Court resolves the objection.

(c)     An initial failure to object to a Person under Paragraph 7.4(b) shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If such an objection is made, the Parties shall meet and confer within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. Once such an objection is made, the Person may continue to have access to information that was provided to such Person prior to the date of the objection, but no further

Protected Material shall be disclosed to the Person until either the Court resolves the objection or the objection is withdrawn.

(d)     The Parties agree to meet and confer as needed to discuss any modifications to the time limits set forth in this Section if deadlines in the case so require, which modifications can be made by the mutual written consent of all affected Parties, without leave of the Court.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a valid court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

(a)     notify in writing the Designating Party within two business days of receipt of such order or subpoena. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving

Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     notify in writing the Requesting Party and the Non-Party within two business days that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within ten (10) business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this

court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and/or each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material. This paragraph shall have no impact on the rights of the Party that did not make the unauthorized disclosure from pursuing all rights remedies available under the law against the Party that makes the unauthorized disclosure.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

11.1    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11.2    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately destroy such Protected Material or Discovery Material and certify as such by the Receiving Party to the Producing Party.

11.3    After inadvertently or unintentionally produced information subject to a claim of immunity or privilege has been returned or destroyed, the Receiving Party may challenge

that assertion of immunity or privilege, but may not use the contents of that information for any purpose, including, without limitation, submission of the information for in camera review by the Court in asserting a challenge of the assertion of immunity or privilege unless the Court determines that the production of such materials for in camera review would assist it in its determination of immunity or privilege.

11.4 Nothing in this Order modifies any person's ethical duties regarding information to which a claim of attorney-client privilege and/or work product protection may attach.

## 12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Modification by the Parties</u>. The Parties may jointly agree to modify this Order in writing without the Court's leave.

12.5 <u>Successors</u>. This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.6   <u>Retention of Jurisdiction</u>.  The parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

**13.   <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in paragraph 4, within 90 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the option of the Producing Party. As used in this subdivision, "all Protected Material" includes all Protected Material as well as copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   <u>VIOLATIONS</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  July 7, 2017

Paul S. Chan
David H. Chao
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:      _/s/ Paul S. Chan_
                    Paul S. Chan
          Attorneys for Extreme Dimensions, Inc.

DATED:  July 7, 2017

Kevin R. Lussier
Kim D. Ashley
Veatch Carlson, LLP


By:      _/s/ Kevin R. Lussier_
                    Kevin R. Lussier
          Attorneys for Defendant American Plastic
          Technologies, LLC

DATED:  July 7, 2017

Daniel A. Rozansky
Peter A. Goldschmidt
Jenner & Block, LLP


By:      _/s/ Daniel A. Rozansky_
                    Daniel A. Rozansky
          Attorneys for Counterclaimant American
          Plastic Technologies, LLC

IT IS SO ORDERED.

DATED: ___July 11, 2017___          _____
                                                     Honorable Jay C. Gandhi
                                                     United States Magistrate Judge

# FILER'S ATTESTATION OF CONCURRENCE

Pursuant to Civil L.R. 5-4.3.4(a)(2) relating to documents requiring multiple signatures, I, David H. Chao, attest that all other signatories concur in the content of the foregoing document and authorize the filing of the same.

/s/ David H. Chao

David H. Chao

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Extreme Dimensions, Inc. v. American Plastic Technologies, LLC*, Case No. 8:16-cv-02110-JVS(JCGx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____